

FRIER LEVITT
A T T O R N E Y S   A T   L A W

Matthew J. Modafferi, Esq.
direct: 646.970.6882
mmodafferi@frierlevitt.com

November 3, 2023

<u>Via ECF</u>
Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:     <u>Cloney's Pharmacy, Inc., et al. v. Wellpartner, Inc.</u>, 23-mc-207 (VSB)

Dear Judge Broderick:

We represent Plaintiffs, Cloney's Pharmacy, Inc., Willow Creek Pharmacy, Inc., and Pucci's Pharmacy in the above-referenced miscellaneous action.  In accordance with the Court's October 31, 2023 Order, we write to inform the Court as to whether any of the Plaintiffs' third-party "Covered Entities" have confidentiality concerns with information contained in Defendant Wellpartner's "Contract Pharmacy Services Agreement" that may be filed publicly.

<u>Background</u>

Plaintiffs' anticipated lawsuit relates to pharmacy services provided as part of the federal 340B Drug Pricing Program ("340B Program").  Plaintiffs submit that some background regarding the 340B Program is noteworthy.

Congress designed the 340B Program to assist certain healthcare facilities—referred to as "Covered Entities"—serving poor, uninsured or otherwise vulnerable populations.  <u>See</u> 42 U.S.C. § 256b.  Under the 340B Program, drug manufacturers—in exchange for Medicaid and Medicare Part D drug coverage—are required to charge Covered Entities no more than a significantly discounted "ceiling price" on certain outpatient prescription drugs purchased by the Covered Entities for their patients.  <u>See</u> 42 U.S.C. § 256b(a)(1), (4).  The 340B Program, therefore, permits Covered Entities to purchase prescription drugs from manufacturers at a discount and to dispense the discounted medications to patients with 340B eligible prescriptions and receive reimbursement from payors in the normal course.

The vast majority of Covered Entities, however, do not have in-house pharmacies with the ability to dispense prescription medications to their patients. Instead, in order to take advantage of the benefits of the 340B Program, these Covered Entities contract with outside pharmacies (each a "Contract Pharmacy") that are frequented by the Covered Entity's patient population and provide

Pine Brook | New York City
101 Greenwich Street, Suite 8B, New York, New York 10006 | t 973.618.1660 | f 973.618.0650
www.FrierLevitt.com



the necessary prescription drug dispensing services for these patients.  Plaintiffs are "Contract Pharmacies" in the 340B Program.

Compliance with the 340B Program can be complex and thus, most Covered Entities use the service of "Third-Party Administrators" ("TPAs") to provide technology and reconciliation services.  Defendant Wellpartner is one such TPA, and one of the largest 340B TPAs in the country.  Defendant Wellpartner, as TPA, enters into agreements with Contract Pharmacies, known as the "Contract Pharmacy Services Agreement," which primarily sets forth "Contract Pharmacy Requirements" and "Claim Processing, Payment and Reporting" provisions, although Plaintiffs acknowledge that the Covered Entities are signatories to the "Contract Pharmacy Services Agreement" because they are responsible for compliance with the 340B Program's rules and regulations.  Defendant Wellpartner also enters into separate agreements with the Covered Entities, which is different from the agreement with the pharmacies.

Plaintiffs' proposed lawsuit is based on the contract terms that are set forth in Wellpartner's contract with the pharmacies, the "Contract Pharmacy Services Agreement," and not Wellpartner's contract with the Covered Entities.

<u>Response to the Court's Inquiry</u>

As ordered by the Court, Plaintiffs' counsel reached out to the 340B Covered Entities that use Wellpartner as its TPA and use one or more of the Plaintiffs as a Covered Pharmacy.[1]  In sum and substance, representatives from the Covered Entities stated that they do not believe there is anything in the Contract Pharmacy Services Agreement that would be confidential as to them and it is unlikely that the Covered Entities would have redactions or confidentiality concerns beyond Wellpartner's confidentiality concerns.

Plaintiffs agree that any potential confidentiality concerns of the third-parties would be adequately addressed by Wellpartner's proposed redactions to the Complaint.  To that end, should the Court grant permission for Plaintiffs to file a redacted complaint, the parties will work together to limit the redactions to those that address Wellpartner's concerns, namely information related to payment and formulas used for payment purposes.  In addition, we will also draft a Protective Order to share with the third-party Covered Entities to further ensure that the information that is redacted in the complaint will remain confidential for purposes of this litigation, not just limited to the Complaint itself.

---

[1] Upon information and belief, Wellpartner's counsel also reached out to the Plaintiffs' 340B Covered Entities, even though the Court ordered *Plaintiffs' counsel* to do so.  Wellpartner created some confusion with the Covered Entities and, perhaps for fear of being involved in this lawsuit, one of the representatives from a Covered Entity was somewhat reluctant to speak with us.



We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Matthew J. Modafferi*

Matthew J. Modafferi, Esq.
Frier Levitt, LLC
Attorneys for Plaintiffs

**SO ORDERED:**  11/6/2023

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Plaintiffs are granted leave to file the
Complaint in redacted form.  The Clerk of
Court is respectfully directed to close the open
motion at Doc. 1. SO ORDERED.